Filed 12/17/13  P. v. Flores CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047137 |
| v. | (Super. Ct. No. 09WF1803) |
| DANIEL VLAS FLORES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lance Jensen, Judge.  Affirmed.

Carl Fabian, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kimberley A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

Defendant Daniel Vlas Flores was convicted of kidnapping and sexually abusing a seven-year-old girl who suffers from developmental delays. Defendant was sentenced to a total term of 65 years to life, with the possibility of parole. He raises two arguments on appeal; we reject both, and therefore affirm the judgment.

First, defendant contends there was insufficient evidence to support his conviction for digital penetration. To the contrary, substantial evidence supports the conviction.

Second, defendant argues the trial court erred in imposing his sentences consecutively. We conclude the imposition of consecutive sentences was amply supported by the record and by the court's explanation of reasons.

STATEMENT OF FACTS

In August 2009, M.L. was seven years old. She had developmental disabilities and language problems that made it difficult for her to communicate. One afternoon, M.L. was playing with A.B. (who was M.L.'s friend), A.B.'s brother, and A.B.'s male cousin in the backyard of their apartment complex. A.B., who was eight years old at that time, is defendant's niece. Defendant, who also lived in the apartment complex, entered the yard and asked the children for help moving some shelves. A.B. told defendant to take one of the boys with him, because A.B.'s mother had told her "never play with [her] uncle when he's drunk." But defendant insisted that M.L. help him because she was "fatter."

Defendant grabbed M.L. by the wrist and took her out of the yard, despite her attempts to pull away. After continuing to play in the yard for a while, A.B. decided to see what defendant and M.L. were doing. She and the boys went to defendant's apartment; the living room was empty, and the bedroom door was locked. The children

2

went back outside, and A.B.'s brother and cousin used a stick to open a window in defendant's apartment.

After entering the room, A.B. saw M.L. sitting in the bedroom closet with her pants down. Defendant was standing near her, fully dressed. M.L. put on her pants, and ran crying out of defendant's apartment and to her own apartment, where she locked herself in a bathroom. About five minutes later, after being encouraged by A.B., A.B.'s older sister, and an adult neighbor, M.L. came out of the bathroom and ran to her bedroom, still crying, where she hid under the bed.

Paramedics were called, and a female ambulance driver found M.L. on a couch, with her face buried in the cushions, rocking aggressively back and forth. M.L. then hid under a pile of clothes in the closet, crying and clutching her mother's picture. Eventually, the ambulance driver and an adult neighbor were able to take off M.L.'s pants to look for any sign of trauma or injury. M.L. was crying the entire time. The ambulance driver saw blood and a "white creamy substance" on M.L.'s underwear, and blood in her vaginal area. The police were called and arrested defendant.

During a sexual assault examination, the medical examiner discovered redness and lacerations in M.L.'s genital and anal regions. M.L. was bleeding in the genital and anal areas. The examiner opined that the cause of M.L.'s injuries was "blunt penetrating force to the genital and anal area[s]." The examiner also opined that M.L.'s injuries would be consistent with penetration by a penis or a finger. Defendant's semen was found in M.L.'s genital and anal regions. M.L.'s blood was found on defendant's hand. There was no blood on any part of M.L.'s body, other than her genital and anal areas.

Defendant was charged with kidnapping to commit rape (Pen. Code, § 209, subd. (b)(1) [count 1]), sexual intercourse with a child 10 years old or younger (*id.*, § 288.7, subd. (a) [count 2]), sexual penetration of a child 10 years old or younger (*id.*, § 288.7, subd. (b) [count 3]), and sodomy with a child 10 years old or younger (*id.*,

3

§ 288.7, subd. (a) [count 4]). The jury convicted defendant on all counts. The trial court sentenced defendant to a total term of 65 years to life, with the possibility of parole. The trial court imposed indeterminate sentences of 25 years to life, 15 years to life, and 25 years to life on counts 2, 3, and 4, respectively. The court also imposed a consecutive term of seven years to life on count 1, but stayed execution of that sentence pursuant to Penal Code section 654. Defendant timely appealed.

DISCUSSION

I.

*SUFFICIENCY OF THE EVIDENCE*

Defendant argues there was insufficient evidence of digital penetration to support his conviction on count 3.[1] "When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] . . . We presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the evidence. [Citation.] If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding. [Citation.] A reviewing court neither reweighs evidence nor reevaluates a witness's credibility. [Citation.]" (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.)

Penal Code section 288.7, subdivision (b), provides: "Any person 18 years of age or older who engages in . . . sexual penetration, as defined in Section 289, with a

---

[1] Defendant also contends, without any analysis, argument, or evidentiary citation, that his convictions under counts 1 and 2 were also unsupported by legally adequate evidence, and must be reversed. We reject defendant's unsupported argument.

4

child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 15 years to life." Penal Code section 289, subdivision (k)(1) provides: "'Sexual penetration' is the act of causing the penetration, however slight, of the genital or anal opening of any person . . . for the purpose of sexual arousal, gratification, or abuse by any foreign object, substance, instrument, or device, or by any unknown object." Contact with the labia majora is sufficient to constitute penetration under section 288.7, subdivision (b). (*People v. Quintana* (2001) 89 Cal.App.4th 1362, 1371.)

Substantial evidence supported the jury's finding that defendant violated Penal Code section 288.7, subdivision (b), by digitally penetrating M.L. M.L.'s blood was found on defendant's hand. M.L. was bleeding only in her genital and anal areas, not anywhere else on her body. The medical examiner testified that M.L.'s injuries could have been caused by penetration by defendant's finger. Given the extent of M.L.'s injuries, which continued to bleed for hours after the attack, and which were visible and obvious, it would be reasonable for the jury to have inferred that penetration, by finger or penis, occurred more than once. Based on that evidence, the jury could properly infer that defendant digitally penetrated M.L., either vaginally or anally.[2]

Defendant suggests that M.L.'s blood could have been transferred to his hand when he went to the bathroom. No evidence exists in the record that defendant went to the bathroom at any time between assaulting M.L. and his arrest a short time later. (See *People v. Story* (2009) 45 Cal.4th 1282, 1299 ["The Court of Appeal erred in focusing on evidence that did not exist rather than on the evidence that did exist"].)

---

[2] In his opening brief on appeal, defendant claims the prosecutor argued only that defendant digitally penetrated M.L.'s vagina. Defendant's contention is not supported by defendant's citation to the reporter's transcript of closing argument at trial.

The authorities on which defendant relies are inapposite. In *People v. Moore* (2011) 51 Cal.4th 386, 406, the Supreme Court held that the trial court abuses its discretion by admitting an expert's testimony that "rests on an assumption without any support in the trial evidence." In that case, the expert criminalist was permitted to testify that if it was assumed that a bloodstain in one room was deposited by a human being, that person would have been lying down or very close to the floor at the time the blood was deposited. (*Id.* at p. 405.) Because the expert could not determine how that bloodstain had been deposited, and there was no evidence it had been deposited by a person rather than an object, the expert's testimony should have been excluded. (*Ibid.*) The court also determined the defendant had not been prejudiced by the admission of the evidence; although the prosecution argued the bloodstain showed the defendant had started the attack on the victim in one room and then continued the attack in another, the actual evidence of a brutal, extended attack on a vulnerable victim made any appeal to the passion of the jury by the bloodstain evidence insignificant. (*Id.* at pp. 406-407.) *People v. Moore* does not address the issue of what evidence is sufficient to support a conviction under Penal Code section 288.7, subdivision (b).

In *People v. Pearson* (2012) 53 Cal.4th 306, 319, the Supreme Court reversed a finding that the defendant had personally used a deadly weapon in the commission of the sex crimes because of a lack of any evidence: "No witness testified defendant used the stake, no out-of-court statements to that effect were introduced, and no physical evidence indicated he had used it. The evidence leaves it entirely *possible* defendant used the stake in attacking [the victim], but does not support a finding of such use beyond a reasonable doubt." In this case, by contrast, there is sufficient actual evidence that defendant digitally penetrated M.L., and reversal is unwarranted.

## II.

### *CONSECUTIVE TERMS*

Defendant argues the trial court erred by imposing consecutive sentences.[3] We review the trial court's sentencing decision for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)[4]

In this case, the trial court stated on the record that it was imposing consecutive sentences based on the following sentencing factors: California Rules of Court, rule 4.421(a)(1) ("The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness"); *id.*, rule 4.421(a)(3) ("The victim was particularly vulnerable"); *id.*, rule 4.421(a)(8) ("The manner in which the crime was carried out indicates planning, sophistication, or professionalism"); and Penal Code section 1170.85, subdivision (b) ("Upon conviction of any felony it shall be considered a circumstance in aggravation . . . if the victim of an offense is particularly vulnerable, or unable to defend himself or herself, due to age or significant disability").

---

[3] Defendant failed to raise this issue in the trial court, and we could refuse to reach the merits because they have been forfeited. (*People v. Scott* (1994) 9 Cal.4th 331, 353, 356.) We will nevertheless address the issue on the merits to avoid the inevitable claim of ineffective assistance of counsel.

[4] The opening brief on appeal includes the following statement: "The judge prefaced his statement of sentencing reasons by characterizing appellant's crimes as 'atrocities' and likened appellant's conduct to acts which occurred during World War II." What the trial court actually said was quite different: "The court notes that as to [California Rules of Court, rule] 4.421(a)(1), your acts, as described by the evidence this court heard and as described by [the deputy district attorney] and described by the probation report, amounted, as the probation officer indicated, to . . . crimes that were not only heinous, vicious, cruel and callous, but arose to such a level that they were accurately described by the probation officer as atrocities. [¶] You probably don't know what an atrocity is. I've read enough, I've seen enough, my father was in World War II, society knows what an atrocity is. [¶] I can't think of anything worse that you can do to a child than what you did to this young lady."

Defendant complains that because the factors in aggravation relied on by the trial court to support the imposition of consecutive terms were all related to M.L.'s developmental delays, the statement of reasons was defective. A single aggravating factor may be used to justify the imposition of consecutive sentences. (*People v. Osband* (1996) 13 Cal.4th 622, 728-729; *People v. Leon* (2010) 181 Cal.App.4th 452, 468-469.) Defendant "acknowledges the correctness of the trial court's finding that [M.L.] met the standard of a vulnerable victim within the meaning of [California Rules of Court,] rule 4.421(a)(3)." The testimony at trial supported this finding.

Further, it is not correct that the court's imposition of consecutive sentences was based solely on a single factor. In addition to M.L.'s developmental delays, the court relied on the heinous, vicious, cruel, and callous nature of the crime, in which defendant raped, sodomized, and digitally penetrated a child under 10 years of age, causing physical and emotional trauma and visible injuries that are normally not found in cases such as this. (Cal. Rules of Court, rule 4.421(a)(1).) Further, the court relied on defendant's planning, which involved concocting a ruse and separating M.L. from her playmates, based on her being "fatter" than the other children. (*Id.*, rule 4.421(a)(8).)

Defendant also contends that the trial court improperly failed to acknowledge the mitigating factor of defendant's lack of a criminal history.[5] Defendant acknowledges, as he must, that the trial court read and considered the probation report, which addressed this mitigating factor. The court did not abuse its discretion in rejecting

---

[5] Defendant also references his limited cognitive functioning, history of being sexually abused, and abandonment by his parents at a young age. Defendant's alleged sexual abuse and abandonment were mentioned by defendant during his probation interview, but beyond his statement to the probation officer, there is no evidence to support them. Defendant's alleged lack of cognitive functioning is based only on the probation officer's observation of defendant's responses to questions asked during the interview, not on any testing or expert evaluation. The probation report does not identify these as mitigating factors. Given the nature of the crimes and the exceptional vulnerability of the victim, it is not reasonably probable the trial court would have imposed a different sentence even if it had explicitly considered these factors.

this mitigating factor, however.  The probation report makes clear that defendant had "no prior record of committing crimes *in this country*."  (Italics added.)  Defendant had only been in the United States for two years before molesting M.L.  There was no record of whether defendant had any criminal history in Mexico during the first 26 years of his life, so the lack of a criminal record in the United States was not as telling as it might otherwise have been.

Defendant failed to establish any abuse of discretion by the trial court in imposing consecutive sentences, based on the record before it.


DISPOSITION

The judgment is affirmed.



FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.

9